**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                              )<br>         Plaintiffs,         )<br>                              )<br>    v.                        )<br>                              )<br>THEODORE RICHARD III,         )<br>                              )<br>         Defendants.          )<br>                              )<br>_____) | 1:97-cr-5220 OWW LJO<br>1:01-cv-5938 OWW LJO<br><br>ORDER DENYING MOTION TO<br>VACATE, SET ASIDE OR<br>CORRECT SENTENCE |

This case is before the Court on the Petition of Theodore Richard III, a federal prisoner, who filed a motion for relief to vacate, set aside, or correct the sentence imposed pursuant to the provisions of 28 U.S.C. § 2255.  Petitioner attacks his sentence pronounced February 19, 1999, of 168 months in custody following a jury verdict on November 12, 1998, finding him guilty of the crime of conspiracy to distribute and possess with the intent to distribute cocaine base.

The Magistrate Judge filed Findings and Recommendations on November 8, 2005, exhaustively analyzing all issues raised by Petitioner with meticulous detail to the trial record and the extended evidentiary hearing and sentencing proceedings held over two days, culminating in the February 19, 1999, sentence.

1

1    The Court has considered, *de novo*, the Petition, all issues
2 presented, and the Magistrate Judge's Findings and
3 Recommendations.  None of the issues raised justify any change in
4 Petitioner's conviction or sentence.  He has withdrawn his claim
5 that he was unconstitutionally sentenced based upon *Blakley v.*
6 *Washington*, 542 U.S. 296 (2004), in light of *United States v.*
7 *Booker*, 125 S.Ct. 738 (2005).  Neither the *Blakely* standards nor
8 developments in the law following the 1998 conviction and 1999
9 sentence retroactively apply to this case.  *United States v.*
10 *Cruz*, 423 F.3d 1119, 1120 (9th Cir. 2005) (the rule announced by
11 *Booker* and *Blakely* does not operate retroactively).  This is not
12 a pending sentencing case.  *United States v. Ameline*, 409 F.3d
13 1073 (9th Cir. 2005) (en banc).  *Ameline* does not apply.  *United*
14 *States v. Moreno-Hernandez*, 419 F.3d 906, 916 (9th Cir. 2005),
15 *cert. denied*, 2005 WL 292683 (Nov. 07, 2005) (*Ameline* limited
16 remand applies to pending direct criminal appeals).

17    The Magistrate Judge has accurately analyzed the trial
18 record and the detailed record of the extended sentencing
19 proceedings.  There is no error.  The Petitioner's motion to
20 Vacate, Set Aside, Correct Sentence under 28 U.S.C. § 2255 is
21 **DENIED.**
22 **SO ORDERED.**
23 **DATED:  November 22, 2005.**
24
25                                          /s/ OLIVER W. WANGER
                                     _____
26                                          Oliver W. Wanger
                                     **UNITED STATES DISTRICT JUDGE**
27
28           **ORDER DENYING CERTIFICATE OF APPEALABILITY**

**2**

     For the reasons stated in the Findings and Recommendations of the Magistrate Judge, and above, no issue debatable among jurists of reason is presented and accordingly, no certificate of appealability shall issue.

SO ORDERED.

DATED:  November 22, 2005.

                                    /s/ OLIVER W. WANGER
                              _____
                                    Oliver W. Wanger
                              UNITED STATES DISTRICT JUDGE